ORIGINAL

FILED

03/21/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0159

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0159

HEATH ALAN GRIMES,

Petitioner,

v.

ORDER

CAPTAIN HASH,

Respondent.

Heath Alan Grimes petitions this Court for habeas corpus relief, indicating that his sentence and incarceration are illegal. Grimes states that he "was convicted on all [] mentioned offenses due to Ineffective Assistance [of] Counsel." Grimes is currently placed at the Missoula Assessment Sanction Center, or MASC.

Available electronic records indicate that the Seventh Judicial District Court, Dawson County, issued four written judgments in 2022. On March 15, 2022, the District Court sentenced Grimes for three separate criminal cases. The court imposed a two-year sentence for felony violation of an order of protection to the Department of Corrections (DOC) to run concurrently with his two-year DOC sentence for felony violation of an order of protection (first two sentences). The court imposed a two-year DOC commitment, all suspended, for Grimes's third conviction of felony violation of an order of protection, to run consecutively to his first two sentences (third sentence). Lastly, on October 4, 2022, the court accepted Grimes's guilty pleas to two counts of felony violation of an order of protection and felony tampering with a witness. For the violation convictions, Grimes received a two-year sentence to the Montana State Prison (MSP), all but ten days suspended, and he received a two-year suspended sentence to MSP for the tampering conviction. The prison sentences run concurrently with each other but consecutively to his first two sentences and concurrently with his third sentence. Grimes has a total sentence of less than four years, followed by a two-year suspended term.

Grimes posits he did not "'knowingly and purposely'" violate a Protection Order. Grimes requests that this Court vacate his entire sentence as well as grant his immediate release from any DOC facility or pre-release center. Grimes contends that his federal and state rights, including due process rights, were violated, resulting in wrongful convictions and sentences. Grimes goes through a two-year history and blames his attorney along with the protected adult person in the protection order in his list of "Conclusive Facts."

Habeas corpus allows an applicant an opportunity to challenge collaterally the legality of his present incarceration. Section 46-22-101(1), MCA. Habeas corpus does not allow an applicant, such as Grimes, to challenge his convictions. Grimes raises issues that he could have raised in an appeal. By not appealing, he is precluded from raising issues challenging the facts leading to his convictions in a writ of habeas corpus. Section 46-22-101(2), MCA. Grimes is not entitled to habeas corpus relief.

Grimes retains the remedy of seeking postconviction relief in the District Court. *See* §§ 46-21-101, through 46-21-111, MCA. Grimes may raise his claims of ineffective assistance of counsel in a petition filed with the sentencing court within a year from when his conviction becomes final. Section 46-21-101(1)(a), MCA. Therefore,

IT IS ORDERED that Grimes's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record, to Captain Hash, and to Heath Alan Grimes personally.

DATED this 21st day of March, 2023.

_____
Chief Justice

_____

_____

2

_____

_____
Justices